## PEOPLE *v.* WAY.

1. TRIAL—CREDIBILITY OF WITNESSES—WEIGHT OF EVIDENCE.
    The claim that the testimony of a witness was contradictory and
    without merit goes to the credibility of the witness and weight
    to be given his testimony and was properly left to jury under
    pertinent instruction that it was the sole judge of the credi-
    bility of the witness and weight to be given his testimony and
    mentioning some of the elements affecting weight of testi-
    mony.

2. CRIMINAL LAW—CONSPIRACY—EVIDENCE.
    Admission of hearsay testimony of one witness in prosecution for
    conspiracy to obstruct justice as to acts of appellant connect-
    ing him with conspiracy did not constitute reversible error
    where the testimony of other witnesses conclusively established
    appellant's connection with it (3 Comp. Laws 1929, § 17354).

Appeal from Wayne; Pugsley (Earl C.), J., pre-
siding. Submitted June 11, 1942. (Docket No. 58,
Calendar No. 41,729.) Decided November 24, 1942.
Rehearing denied December 22, 1942. Certiorari de-
nied by Supreme Court of the United States April
5, 1943.

Eddie Way was convicted of conspiracy to ob-
struct justice. Affirmed.

*George S. Fitzgerald* and *Frank G. Schemanske,*
for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, *Thomas A. Kenney,*
Assistant Attorney General, and *Chester P. O'Hara,*
Special Prosecuting Attorney, for the people.

STARR, J. Eddie Way, Thomas C. Wilcox, Duncan C. McCrea, and other defendants (except Angelo Scaduto), upon jury trial, were convicted of a conspiracy to obstruct justice. Scaduto waived jury trial and was found guilty by the court.

Defendant Way was sentenced for a period of two to five years and fined $1,000. His motion and supplemental motion for a new trial were denied, and, having obtained leave, he appeals. His case comes to us on the same record presented in the separate appeals of Wilcox, McCrea, and other defendants. In this opinion we consider only the appeal of defendant Way.

Our opinions in the appeals of Wilcox, McCrea, and other defendants * have determined all questions presented on this appeal adversely to defendant Way, except his claim of error by the trial court in the admission of certain testimony of witness Sam Block.

The record shows that Way was engaged in the so-called handbook business and also that he was employed to collect graft protection money from houses of prostitution, gambling places, and other illegal businesses. One Gustave Pines, who acted as collector of protection money for the benefit of defendant Wilcox (sheriff) and others, testified, in part:

"A few days after Wilcox took office as sheriff of Wayne county I had a meeting with Carl Staebler (of the sheriff's office) and Eddie Way.    *    *    *

"There was a discussion with Staebler and Way of the places to be contacted. Mr. Way was going to make the collections from the houses of prostitution and gambling houses and bring the money into the office.    *    *    *    All he give me was a list of

---

* See *People* v. *McCrea, ante,* 213; *People* v. *Wilcox, ante,* 287; *People* v. *Malone, ante,* 297; *People* v. *Staebler, ante,* 298; *People* v. *Stambaugh, ante,* 300; *People* v. *Scaduto, post,* 307; *People* v. *Garska, post,* 313.—REPORTER.

each place and each place was paying so much. * * *

"Following this conversation between me, Staebler and Way, I received money from Eddie Way for these places. * * * Eddie Way brought in these collections from these places every month. * * *

"I collected from Eddie Way-Rouge combination $15,162.50 from February, 1937, to February, 1938. The Rouge (River) combination paid so much money because—I don't know what they had, but Eddie Way used to come in and pay for the crap game and used to come in and pay for his slot machines and the pinballs. * * * So that there was $16,362.50 actually paid in."

On this appeal defendant Way claims error in the admission of the following testimony of witness Sam Block, who was collecting graft protection money for the benefit of defendant McCrea (prosecuting attorney) and his chief investigator, defendant Harry Colburn. Block testified, in part:

"I do not know Eddie Way very well. I know him when I see him. I had one or two business dealings with him during this period of time we are discussing. I had a discussion with Eddie Way about his business. I don't remember when. I told him I understood he operated a handbook and that he would have to take care of me. He didn't like it very well, but he took care of me. I believe I told him how much it was going to cost. Off hand, I don't remember how much. It didn't last very long. Eddie Way paid me money for the privilege of running a handbook in Ecorse probably three or four months. I do not recall what year that was in. It was some time between the time that I started collecting and the time I stopped collecting. It was usually sent out to my place. He never paid me in person."

Way's counsel moved that Block's above-quoted testimony be stricken "as being purely hearsay."

Such motion was denied and the testimony allowed to stand. In his brief and statement of questions involved Way does not raise the question as to Block's testimony being inadmissible as hearsay. He now contends, as stated in his brief:

"That the court should have instructed the jury to disregard such testimony (by Block) concerning Eddie Way, in view of the fact that such testimony was patently contradictory and without merit."

Such claim that Block's testimony was "contradictory and without merit" goes to the credibility of the witness and the weight to be given his testimony. The trial court satisfactorily disposed of such contention by instructing the jury, in part, as follows:

"You are the sole judges of the credibility of witnesses. It is for you, and you alone, to say what weight and credence shall be given to the testimony of any witness who has testified in this case. In measuring and weighing the testimony of any witness you have a right to take into consideration his or her appearance on the stand; * * * his or her knowledge or want of knowledge of the matter concerning which he or she has testified."

The testimony of Gustave Pines and of other witnesses conclusively established defendant Way's connection with the alleged conspiracy to obstruct justice.

We are convinced that in this conspiracy case the admission of the testimony of witness Block did not constitute reversible error. There was no miscarriage of justice. 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096).

The conviction and judgment are affirmed.

CHANDLER, C. J., and NORTH, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. BOYLES and WIEST, JJ., did not sit.